THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LORI SHAVLIK AND KENNETH SHAVLIK, individually and as a marital community;

Plaintiffs,

v.

CITY OF SNOHOMISH, *et al.*

Defendants.

CASE NO. C17-0144-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion for declaratory relief (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

On February 4, 2010, a fire occurred at Plaintiff Lori Shavlik's business, the Tan Line, and Defendant Snohomish County Fire Protection was called to extinguish it. (Dkt. No. 1-2 at 3.) City of Snohomish Police investigated the fire and classified it as arson, bringing charges against Lori Shavlik. (Dkt. No. 20-2 at 3–4.) The Snohomish Times then published an article, alleged to have been sourced from the police department, stating that Mrs. Shavlik was "said to have a million dollar insurance policy that may have been part of the motive in the arson attempts." (Dkt. No. 20-2 at 4.) After two trials, Mrs. Shavlik was acquitted and brings this lawsuit for (1) defamation, (2) civil rights violations under 42 U.S.C. § 1983, (3) intentional or reckless

infliction of emotional distress, and (4) malicious prosecution. (*See* Dkt. No. 1-2.) Plaintiffs now request the Court declare that it was legally and factually impossible for Mrs. Shavlik to directly receive "money from a commercial general liability insurance coverage" as a result of the 2010 fire. (Dkt. No. 20 at 2.)

Defendants argue that under the Uniform Declaratory Judgment Act (UDJA), the requested relief would be improper. (Dkt. No. 22.) The UDJA provides the Court with the authority to issue a declaratory judgment requested by a party. *See* Wash. Rev. Code. § 7.24.010 (2017). "In order to decide an action for declaratory relief, a justiciable controversy must be present." *Benton Cty. v. Zink*, 361 P.3d 801, 805 (Wash. Ct. App. 2015) (citing *To–Ro Trade Shows v. Collins*, 27 P.3d 1149, 1153 (2001)). A justiciable controversy is:

> an actual, present and existing dispute, or the mature seeds of one, as distinguished from a possible, dormant, hypothetical, speculative, or moot disagreement, (2) between parties having genuine and opposing interests, (3) which involves interests that must be direct and substantial, rather than potential, theoretical, abstract or academic, and (4) a judicial determination of which will be final and conclusive.

*Benton*, 361 P.3d at 805. "Unless all these elements are present, the reviewing court steps into the prohibited area of advisory opinions." *Superior Asphalt & Concrete Co. Inc. v. Washington Dep't of Labor & Indus.*, 89 P.3d 316, 318 (Wash. Ct. App. 2004) (citing *Diversified Indus. Dev. Corp. v. Ripley*, 514 P.2d 137, 139 (Wash. 1973)). "The court may refuse to render or enter a declaratory judgment or decree where such judgment or decree, if rendered or entered, would not terminate the uncertainty or controversy giving rise to the proceeding." Wash. Rev. Code. § 7.24.060.

Plaintiffs seek a declaration that will not resolve the controversy that gives rise to this proceeding. Plaintiffs "allege that it is a violation of their civil rights to have the authorities use as a legal weapon a factual and legal falsity as being a supposed motive for an 'arson' that never occurred." (Dkt. No. 20-2 at 10–11.) The Court takes Plaintiffs' allegation as inferring that the use of commercial liability coverage as a motive to pursue an investigation is untenable because

the suspect could never receive payment under the policy. However, Plaintiffs' claims do not turn on the legal possibility or impossibility that Mrs. Shavlik could have collected on the insurance policy. Rather, they depend on whether investigators could have reasonably believed that Mrs. Shavlik believed she could collect on the policy.

The requested relief will not result in a "judicial determination that is final and conclusive" and thus fails the final factor of the *Benton* standard. 361 P.3d at 805. Even if the Court concluded such declaratory relief were legally sound, granting this relief would still leave the same issues for the trier of fact to determine. While Plaintiffs argue that this goes to the reasonableness of the investigation, it would be a supporting fact better left for a jury to evaluate. The Court will not equate a legal impossibility to collect on a single insurance policy, with the investigators having no probable cause to pursue the investigation.

For the foregoing reasons, Plaintiffs' motion for declaratory relief (Dkt. No. 20) is DENIED.

DATED this 11th day of July, 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE