UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LORI SHAVLIK, *et al.*, | CASE NO. C17-0144-JCC |
| Plaintiffs, | ORDER |
| v. | |
| CITY OF SNOHOMISH, *et al.*, | |
| Defendant. | |

This matter comes before the Court on Plaintiffs' motion to amend a judgment and/or to seek relief from a judgment (Dkt. No. 95). Having thoroughly considered the parties' briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

Plaintiff Lori Shavlik was charged with arson after a 2010 fire at her Snohomish County business. (Dkt. No. 81 at 1–3.) Following her acquittal, she and her husband brought claims for constitutional violations pursuant to 42 U.S.C. section 1983 and state law claims for defamation, outrage, and malicious prosecution. (Dkt. No. 1-2 at 6–7.) Plaintiffs alleged that in an effort to support the County's criminal prosecution of Ms. Shavlik, Snohomish County, the City of Snohomish, and the Snohomish County Fire Protection District No. 4 made defamatory public statements, failed to preserve evidence, destroyed evidence, and fabricated evidence. (*Id*. at 1–7.) The City of Snohomish and the Snohomish County Fire Protection District No. 4 ("Movants") moved for summary judgment, seeking dismissal of all claims. (Dkt. Nos. 29, 34.) The Court

found that Plaintiffs' allegations amounted to no more than non-actionable negligence and granted the motion as to Movants and nonmovant Snohomish County. (Dkt. No. 81 at 11.) Plaintiffs now move, pursuant to Federal Rules of Civil Procedure 59(e) and 60(b)(1), to set aside the Court's judgment against Snohomish County. (Dkt. No. 95.) Plaintiffs assert that the judgment is based on the Court's misapplication of relevant precedent and mistaken facts. (*Id.* at 1–2.) Plaintiffs also assert that the judgment should be set aside because of newly discovered evidence. (*Id.*)

A Rule 59(e) motion may be granted if the Court committed "clear error" or "is presented with newly discovered evidence." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999). Similarly, a Rule 60(b) motion may be granted based on "mistake" or "newly discovered evidence." Fed. R. Civ. P. 60(b)(1), (2). However, Rule 60(b)(1) relief is to be provided "sparingly" and only in "extraordinary circumstances." *U.S. v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993).

Plaintiffs first argue that the Court misapplied the holding in *Abagninin v. AMVAC Chem. Corp.* when it dismissed Plaintiffs' claims against Snohomish County. (Dkt. No. 95 at 2) (citing 545 F.3d 733 (9th Cir. 2008)). In *Abagninin*, the Ninth Circuit held that a nonmoving defendant in a similar position to a moving defendant could be dismissed based on a movant's motion, even if the nonmoving defendant had not yet been served. 545 F.3d at 743. Plaintiffs distinguish *Abagninin* from this case on the basis that the nonmoving defendant in *Abagninin* had not yet appeared, whereas Snohomish County had. (Dkt. Nos. 95 at 2, 98 at 1.) But this distinction does not warrant a different outcome. The critical issue is whether dismissal of a nonmoving defendant would increase the risk of error by shortcutting the adversarial development of facts and law. *See Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) (dismissing all claims against a defendant based on a motion for summary judgment brought by another defendant). Dismissal here would not increase the risk of error because Plaintiffs' factual allegations are indistinguishable against the County and City. (*See* Dkt. No. 81

at 3 n.1, 11 n.5) (describing the shared law enforcement arrangement between the County and City); (Dkt. No. 40 at 8) (describing Defendants as a "seamless prosecution team"). The Court did not misapply *Abagninin*.

Plaintiffs next argue that the County Prosecutor's misdeeds are distinct from those of the movants because the Prosecutor's misdeeds stem from animus generated in a 2009 incident involving Plaintiffs' daughter. (Dkt. No. 95 at 3–4.) But the only evidence Plaintiffs provide in support of animus allegations is an e-mail exchange from a County legal assistant to a Fire District representative describing Ms. Shavlik's request for a continuance in her arson proceeding as something worthy of "giggle fits." (Dkt. No. 95-7 at 1.) This is insufficient to support the level of animus alleged by Plaintiffs.

Finally, Plaintiffs allege they present newly discovered evidence. Relief from a judgment based on newly discovered evidence is only warranted if that evidence is likely to change the disposition of Plaintiffs' case. *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990). Plaintiffs' evidence fails to meet this standard. Plaintiffs present excerpts from the depositions of two Snohomish County Deputy Prosecuting Attorneys, both of whom worked on Ms. Shavlik's criminal case. (Dkt. No. 95 at 6–8.) Notably, one of the depositions was taken *before* Movants' summary judgment motion. (Dkt. No. 95-1 at 3.) Further, after careful review, the Court concludes that none of this testimony is likely to change the disposition of Plaintiffs' case. (*See generally* Dkt. Nos. 95-1, 95-2).

For the foregoing reasons, Plaintiffs' motion to amend and/or to seek relief from the judgment in favor of Snohomish County (Dkt. No. 95) is DENIED.

DATED this 27th day of April 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE